IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


RON WESLEY HAYES                                                    PLAINTIFF

v.                                    Civil No. 4:19-cv-04094

CHIEF OF POLICE ROBERT H. HARRISON,
Texarkana, Arkansas; PROSECUTOR CONNY
MITCHELL[1]; CORPORAL WEBB; WARDEN
LIEUTENANT MILLER; OFFICER BURNS;
NURSE KING; and JOHN DOE OFFICER #1                                 DEFENDANTS


## ORDER

This is a civil rights action filed by Plaintiff Ron Wesley pursuant to 42 U.S.C. § 1983.

Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice

screening under provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A.

Under the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks

redress from a governmental entity, officer, or employee.

## BACKGROUND

Plaintiff filed his complaint on August 19, 2019. (ECF No. 1). On September 9, 2019, the

Court entered an order directing Plaintiff to file an amended complaint by September 30, 2019.

(ECF No. 9). The order directed the Clerk of Court to mail Plaintiff a court-approved section 1983

form to use for filing the amended complaint and stated that Plaintiff's amended complaint should

include:

> short, plain statements telling the Court: (1) the constitutional right Plaintiff
> believes was violated; (2) the name of the Defendant who violated the right; (3)
> exactly what the Defendant did or failed to do; (4) how the action or inaction of that
> Defendant is connected to the violation of Plaintiff's constitutional rights; and (5)

---

[1] Plaintiff refers to Defendant Mitchell as Connie Mitchell in his pleadings.

what specific injury Plaintiff suffered because of that Defendant's conduct. Plaintiff must repeat this process for each person he has named as a Defendant.

(*Id.*) (internal citation omitted).

Plaintiff filed his amended complaint on October 1, 2019. (ECF No. 12). The amended complaint states three claims and names the following Defendants: (1) Chief Robert H. Harrison, Texarkana, Arkansas Police Department; (2) Connie Mitchell, Prosecutor; (3) Corporal Webb; (4) Officer Burns; (5) Warden Lieutenant Miller; (6) Officer Jones; and (7) Nurse King. (ECF No. 12).

Plaintiff's first claim is for "excessive force, denial of medical care." He lists Corporal Webb, Officer Burns, Officer Jones, Warden Lt. Miller, and Nurse King as Defendants, naming each in both their official and personal capacities. Plaintiff's only factual allegations regarding this claim are limited to: "My [e]lbows and [k]nees, my back with there [k]nee's chokeing me by my neck I have a lots of injur[ies]." When asked to describe a custom or policy that caused the violation of his constitutional rights, Plaintiff states "Denial of medical Cruel and unus[ual] punishment." (ECF No. 12).

Plaintiff's second claim is for "false imprisonment." Plaintiff lists Chief of Police Robert H. Harrison and Prosecutor Connie Mitchell as Defendants. Plaintiff states the Defendants Harrison and Mitchell "have came together on false criminal." Plaintiff also mentions denial of medical care, stating "a lots of injur[i]es they refuse to help take care of also charging me falsely by joining prosecutor Connie Mitchell and Chief Harrison." When asked to describe a custom or policy that caused the violation of his constitutional rights, Plaintiff states "refusing me medical after using excessive force." (ECF No. 12).

Plaintiff's amended complaint also appears to attempt to state a third claim. Plaintiff does not state what type of claim he is bringing, or the name of any Defendant involved. When asked

to "[d]escribe the acts or omissions of Defendants that form the basis for Claim #3 and any harm caused by it," Plaintiff states: "I was asking for medical help when these officers of Miller County refuse to help they sent a woman nurse name Luny she was helping me then one of the Defendants Nurse King came in to work. He denied me calling me a cra[c]k head its been so much I don't what to do." When asked to describe the custom or policy that caused the constitutional violation, Plaintiff states "denial medical care also refuse to feed that morning after beat me."

**APPLICABLE LAW**

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint also fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**DISCUSSION**

In order to state a claim under section 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *Dunham v.*

*Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983. *Daniels v. Williams*, 474 U.S. 327, 336 (1986).

### A. Claim One—Excessive Force and Denial of Medical Care

In his first claim, Plaintiff seeks relief due to Defendants Webb, Burns, Jones, Miller, and King's alleged use of excessive force and refusal to provide medical care.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citation omitted). Further, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Instead, "the supervisor must be personally involved in the alleged constitutional violation or his . . . inaction must constitute deliberate indifference towards the constitutional violation." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

On the court-approved section 1983 form, Plaintiff lists Webb, Burns, Jones, Miller, and King as Defendants on this claim and states that his claim is for use of excessive force and for denial of medical care. However, Plaintiff has not alleged which Defendants used excessive force, and has failed to make any factual allegations that any of the named Defendants denied him medical care. Thus, Plaintiff has failed to state a claim upon which relief can be granted.[2]

---

[2] When the Court ordered Plaintiff to amend his complaint, it directed him to include specific information concerning the name of the Defendant who violated his rights and information about what each Defendant did or failed to do to constitute a violation. (ECF No. 9).

**B. Claim Two—False Imprisonment**

Plaintiff's second claim is for false imprisonment. Specifically, Plaintiff states that Defendants Harrison and Mitchell have conspired to pursue false criminal charges against him. (ECF No. 12).

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there initially. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. D. Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010).

Plaintiff is currently charged in an ongoing state criminal proceeding concerning the charges he now alleges are false. During these proceedings, Plaintiff will necessarily be allowed to challenge the validity of the charges against him. Therefore, the Court must abstain from hearing Plaintiff's claim concerning false criminal charges until the pending state criminal case is fully resolved.

Now the question before the Court is whether to dismiss or stay this action. When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the

presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). In cases where damages are sought, traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 720 (1996)). In the instant case, Plaintiff seeks only monetary damages, and thus, it is appropriate to stay Plaintiff's claim for false charges until his state case has concluded.

Plaintiff's second claim also appears to seek relief due to Defendants' alleged refusal to provide medical care. However, Plaintiff has failed to include any allegations concerning a specific Defendant who directly participated in the alleged unconstitutional violation—the denial of medical care. Thus, Plaintiff has failed to state a claim for deliberate indifference.

## C. Claim Three—Denial of Medical Care

In Plaintiff's third claim, he states that he was refused medical care. Specifically, he states that a nurse named "Luny" was helping him. Plaintiff further states that Nurse King came into work and that: "He denied me calling me cra[c]khead its been so much I don't know what to do."[3]

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to prevail on a claim for deprivation of medical care, an inmate must show that a prison official was deliberately indifferent to his serious medical need. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

---

[3] Nurse King appears to be the only Defendant named on this claim.

"'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997).

Upon review of Plaintiff's amended complaint, Plaintiff has failed to plead any facts indicating that Defendant King was deliberately indifferent to a serious medical need. Consequently, Plaintiff claim for denial of medical care against Defendant King fails.

## CONCLUSION

For the above reasons, Plaintiff's first and third claims, concerning denial of medial care and use of excessive force, should be and hereby are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's second claim concerning his pending criminal state charges is hereby **STAYED** and **ADMINISTRATIVELY TERMINATED**. Plaintiff has thirty (30) days after the final resolution of his pending criminal case to file a motion to reopen this case. Failure to file the motion within such time may result in the summary dismissal of this claim.

**IT IS SO ORDERED**, this 4th day of November, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge